IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUL 2 5 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| PAUL L. WILKINS, § | |
| (SPN #00765741) § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION H-05-1994 |
| § | |
| STATE OF TEXAS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND OPINION

Paul L. Wilkins, a detainee at the Kerville State Hospital, sued in May 2005, challenging his confinement. This court construes his pleading, entitled "Statement of Facts," as a petition for a writ of mandamus against the State of Texas. Wilkins was indicted for the offense of aggravated assault with a deadly weapon. On October 1, 2004, the 176th Judicial District Court of Harris County, Texas found that Wilkins was incompetent to stand trial. The court found that Wilkins had a mental illness that required observation and treatment in a mental hospital for his own welfare and protection and the protection of others. The court ordered Wilkins to be held in the hospital for a period of twelve months. (Docket Entry No. 1, Petition for a Writ of Mandamus, Attachment 1, p. 1). Liberally construed, Wilkins seeks

dismissal of the criminal charges against him and release from custody.

The threshold issue is whether this court has jurisdiction to consider Wilkins's petition for a writ of mandamus. Based on the pleadings, the record, and the applicable authorities, this court dismisses this petition for lack of jurisdiction. The reasons for this ruling are stated below.

## I.   Analysis

From the pleadings, it appears that Wilkins is challenging his detention at the Kerville State Hospital by the State of Texas. To the extent Wilkins seeks a writ of mandamus against the State of Texas, this court lacks jurisdiction. Federal district courts are courts of limited statutory jurisdiction. *See Dunn-McCampbell Royalty Interest, Inc. v. National Park Service,* 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994). The only federal statute conferring the authority to issue writs of mandamus on the federal district courts is 28 U.S.C. Section 1361. That statute specifically provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Dunn-McCampbell Royalty Interest, Inc.,* 112 F.3d at 1288 (quoting 28 U.S.C. § 1361). The respondent in this case is the State of

Texas. The State of Texas is not a federal officer, agent, or employee and is not subject to the statutory mandamus authority of this court. This court lacks jurisdiction to entertain Wilkins's request for mandamus relief.

## II.     The Motions to Proceed *In Forma Pauperis*

Wilkins seeks leave to proceed as a pauper. Passage of the Prison Litigation Reform Act ("PLRA") resulted in the imposition of financial requirements on prisoners filing any civil action or appeal. A prisoner seeking to file a civil action must make financial disclosures under 28 U.S.C. § 1915(b) and must pay the full filing fee of $150.00. 28 U.S.C. § 1915(a)(2), (b)(1)(2). The fee may be paid in installments.

The Fifth Circuit considers a petition for a writ of mandamus as a type of appeal, not an independent civil action. *In re Stone,* 118 F.3d 1032, 1034 (5th Cir. 1997). The nature of the underlying action determines the applicability of the PLRA to a petition seeking mandamus. *Id.* Because the petition for a writ of mandamus in *Stone* arose out of a 28 U.S.C. § 2255 petition for post-conviction relief, the fee payment requirements of the PLRA did not apply. *Id. See United States v. Cole,* 101 F.3d 1076, 1077 (5th Cir. 1996)(holding the PLRA does not apply to 28 U.S.C. § 2255 proceedings because habeas proceedings, though technically civil, are in reality hybrid cases whose nature is not adequately captured by the phrase "civil

action").

Wilkins asks this court to direct the State of Texas to release him from his current confinement. The underlying suit has aspects of an action seeking habeas corpus relief, making the filing fee provisions of the PLRA inapplicable. *Santee v. Quinlan,* 115 F.3d 355 (5th Cir. 1997); *Strickland v. Rankin County Correctional Facility,* 105 F.3d 972, 974 (5th Cir. 1997).

Wilkins's applications for leave to proceed *in forma pauperis,* (Docket Entry Nos. 5 & 6), are GRANTED.

## III. Conclusion

Wilkins's petition for a writ of mandamus is DENIED. Wilkins's applications for leave to proceed *in forma pauperis,* (Docket Entry Nos. 5 & 6), are GRANTED. Any and all remaining pending motions are DENIED as moot.

SIGNED at Houston, Texas, on July 22, 2005.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE